IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROQUE U. GARCIA, <br> Inmate #49905-079, <br><br> Petitioner, <br><br> vs. <br><br> JAMES CROSS, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 11-cv-1010-DRH <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

Petitioner, currently incarcerated in the Federal Correctional Institution at Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the execution of his sentence, imposed on August 30, 1990, after a jury trial in the Southern District of Texas (See *United States v. Zamora*, No. 4:89-cr-00232-3).  He asserts that, although he was convicted of seventeen drug-related offenses, three of these counts were later vacated, and he should not be serving time on *those three counts* or have those counts used for custody determinations.  Petitioner also requests a refund from the Bureau of Prisons for the special assessments paid on the three vacated counts.  This case is now before the Court for preliminary review pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**I.  Procedural History**

1

On June 15, 1990, a jury convicted petitioner of three drug-related conspiracy charges (counts 1-3), amongst others,[1] in the Southern District of Texas, No. 4:89-cr-00232-3 (Doc. 1-1, p. 1). On August 30, 1990, Judge David Hittner sentenced petitioner to the following term of imprisonment: 600 months on counts 1, 3, 31, 39, and 40; 480 months on counts 2, 26, and 27; 60 months on count 16; and 48 months on counts 13-15, 19, 23-25, 28, and 38, all to run concurrently (Doc. 1-1, p. 2). The Court also imposed a special assessment on each count and various terms of supervised release (Doc. 1-1, p. 4; see Doc. 692 in criminal case).

On October 12, 1993, petitioner's conviction was affirmed on direct appeal by the Fifth Circuit (Doc. 1068 in criminal case). On April 24, 1997, petitioner filed a motion to vacate under 28 U.S.C. § 2255 with the Southern District of Texas (Doc. 1246 in criminal case). On June 30, 1998, the court granted petitioner's § 2255 motion in part, vacating the three conspiracy counts out of his seventeen original convictions (Doc. 1355 in criminal case). Since then, petitioner has filed numerous unrelated motions and petitions with the Fifth Circuit and the Southern District of Texas, with no favorable results. See, e.g., *United States v. Garcia*, 344 F. App'x 935 (5th Cir. 2009). Petitioner filed the instant action on November 16, 2011.

## II. Analysis

---

[1] Possession of cocaine with intent to distribute (count 26), distribution of cocaine (count 27), distribution of marijuana (count 16), importation of cocaine (count 31), use of the telephone to facilitate drug trafficking (counts 13–15, 23–25, 28, 38), possession with intent to distribute cocaine (count 39), and continuing criminal enterprise (count 40).

Petitioner argues that, although the three conspiracy convictions have been vacated, he is still experiencing three facets of the sentences for those vacated convictions:  (a) time incarcerated, (b) special assessments, and (c) custody determinations.  The Court shall address these claims separately for purposes of threshold review.

### A.  Serving Time for Vacated Convictions

Petitioner argues that despite the July 6, 1998, decision of the Southern District of Texas, he is still serving the sentences for the three conspiracy convictions.  However, under 18 U.S.C. § 3584(c):  "multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." *Id.*  Thus, as long as petitioner's convictions under counts 31, 39, and 40, of the indictment are still valid, petitioner will have to serve his 600-month term of imprisonment.  Therefore, petitioner's challenge to the execution of his sentence regarding length of incarceration shall be dismissed with prejudice.

### B.  Special Assessment Refund

Petitioner asserts that the Bureau of Prisons must refund him for the special assessments he has paid out on the three vacated convictions.  In vacating the three conspiracy counts, the Southern District of Texas specifically noted, "[Garcia's] sentence, however, is not modified" (Doc. 1-2, pp. 11-12).  Leaving a sentence unmodified despite the vacation of some convictions commonly occurs in the Seventh Circuit as well.  See *United States v. Soy*, 413 F.3d 594, 608 (7th

3

Cir. 2005). Presumably, the language used in the June 30, 1998, order means that Petitioner's special assessments were similarly not modified by the Southern District of Texas. If petitioner wished for his sentence to be modified due to the vacated sentences, he could have raised this issue on appeal, but he did not (*See* Doc. 1425 in criminal case).

The Seventh Circuit and its sister circuits have held that special assessments and criminal fines "are analogous to time served and are not refundable." *United States v. Zizzo*, 120 F.2d 1338, 1347 (7th Cir. 1997); see also *United States v. Schumann*, 861 F.2d 1234, 1236 (11th Cir. 1988); *United States v. Asset*, 990 F.2d 208, 214 (5th Cir. 1993). However, it bears noting that these cases all concerned defendants who died during their appeals process.

Furthermore, petitioner's claim for a refund of his special assessments cannot proceed against the named respondent, Warden Cross. Although the Bureau of Prisons may have assisted the Southern District of Texas in the collection of petitioner's special assessment, in an action to refund fines paid in a criminal conviction, the United States is the proper party. See *United States v. Zizzo*, 120 F.3d 1338 (7th Cir. 1997). Thus, even if it were properly before the Court, petitioner's claim for a refund of his special assessments could not be brought against this respondent.

### C. Custody Determinations

Petitioner claims that the three conspiracy counts are still being used to determine his custody level, despite being vacated. Petitioner brings this habeas

4

corpus action pursuant to 28 U.S.C. § 2241. The Seventh Circuit clarified the relationship between the type of action now before the Court and one brought for relief from civil rights violations pursuant to 42 U.S.C. § 1983. *Graham v. Broglin*, 922 F.2d 379 (7th Cir.1991). The *Graham* court explained:

> If the prisoner is seeking what can fairly be described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probations, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation—then habeas corpus is his remedy. But if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law, even if, as will usually be the case, the program or location or environment that he is challenging is more restrictive than the alternative that he seeks.

*Id.* at 381.

The primary thrust of petitioner's claim here is that the Bureau of Prisons is wrongly housing him in a maximum security prison based on its erroneous calculation of his prison classification score. What petitioner seeks in this claim, though, is a change in the location of his confinement (e.g., from a maximum security location or environment to a less restrictive one), not a change in the quantum of his confinement. Petitioner is not challenging the propriety of his confinement, but rather the conditions under which he is confined, which are matters properly raised in a § 1983 suit. Therefore, the Court cannot grant the relief that petitioner seeks under § 2241.

Although courts sometimes construe a mistakenly-labeled habeas corpus petition as a civil rights complaint, see, e.g., *Graham,* 922 F.2d at 3 81–82 (collecting cases), this Court cannot do so here, as petitioner must first survive

5

preliminary review for cases brought pursuant to the Prison Litigation Reform Act. See generally 28 U.S.C. § 1915. Thus, this claim of shall be dismissed without prejudice to petitioner bringing his claim in a properly-filed § 1983 action.

## IV. Disposition

For the reasons stated above, § 2241 cannot provide petitioner with the desired relief, and this action is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED**.

**DATED: July 31, 2012**

Digitally signed by David R. Herndon
Date: 2012.07.31 13:50:00 -05'00'

_____
**Chief Judge**
**United States District Court**